UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER NAILING,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDERSON and HOPEWOOD,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-05039-AB-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.　BACKGROUND AND SUMMARY

On June 21, 2021, plaintiff Xavier Nailing, who is at liberty, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Docket Nos. 1, 5). Plaintiff claims that the defendants – Los Angeles Police Officers Anderson and Hopewood – violated plaintiff's constitutional rights by illegally arresting him and being deliberately indifferent to his medical needs. (Comp. at 2-7). Plaintiff sues both defendants in their individual and official capacities and seeks monetary relief. (Comp. at 8).

As plaintiff is proceeding IFP, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

On November 19, 2021, the Magistrate Judge issued an Order Dismissing Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("November Order").[1] (Docket No. 8). The November Order advised plaintiff that the Complaint was deficient for reasons described in the November Order, dismissed the Complaint with leave to amend, and directed plaintiff, within fourteen days (*i.e.*, by December 3, 2021), to file one of the following: (1) a first amended complaint which cures the pleading defects described in the November Order; (1) a notice of dismissal; or (3) a notice of intent to stand on the Complaint.[2] The

---

[1]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The November Order expressly notified plaintiff that (1) the November Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the November Order if such party did not seek review thereof or object thereto. (November Order at 15 n.3).

[2]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other deficiencies: (1) failed to state a viable Fourth Amendment false arrest/detention claim; (2) failed to state a viable Fourteenth Amendment equal protection claim; (3) failed to state a viable Fourteenth Amendment claim for

(continued...)

November Order expressly cautioned plaintiff that the failure timely to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the November Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the November Order.  The foregoing December 3, 2021 deadline expired without any action by plaintiff.  Plaintiff has not sought review of, or filed any objection to the November Order and has not communicated with the Court in this action since the November Order was issued.

As discussed below, this action is dismissed due to plaintiff's failure to state a claim for relief, his unreasonable failure to prosecute and his failure to comply with the November Order.

## II.   PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

///

---

[2](...continued)
deprivation of plaintiff's right to medical care; and (4) failed to state a claim against defendants in their official capacities.

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

**III. DISCUSSION AND ORDER**

First, the Court has reviewed the November Order and finds that it adequately and properly notified plaintiff of the deficiencies in the Complaint and afforded him an opportunity to amend effectively. This Court agrees with and

///

adopts the November Order, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed therein.

      Second, as explained in the November Order, the Complaint fails to state a claim for relief against any defendant.  The November Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading, ordered plaintiff to respond to the November Order by filing a first amended complaint which cured the identified pleading defects, or filing a notice of dismissal, or filing a notice of intent to stand on Complaint, and cautioned plaintiff that his failure timely to respond to the November Order may be deemed his admission that amendment is futile and may result in the dismissal of this action on the grounds identified in the November Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the November Order.  In light of plaintiff's failure to file any response to the November Order as expressly directed or to communicate with the Court since its issuance, this Court deems such failure plaintiff's admission that amendment of the Complaint is futile and concludes that plaintiff is unable or unwilling to draft a complaint that states viable claims for relief.  See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 574 U.S. 815 (2014).  Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

      Third, dismissal is appropriate based upon plaintiff's failure to comply with the November Order and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously

resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon.  He has done nothing.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the November Order, and plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

    IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to state a claim, his unreasonable failure to prosecute and his failure to comply with the November Order.

    IT IS SO ORDERED.

DATED: January 10, 2022

_____
HONORABLE ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE